**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FABIAN ORJUELA GUEVARA,<br>A# 243 069 644,<br><br>Petitioner,<br><br>v.<br><br>CRAIG A. LOWE, Warden of the Pike County Correctional Facility, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:26-cv-01845<br><br>(SAPORITO, J.) |

**ORDER**

This matter comes before the court on the petitioner's motion for a temporary restraining order. Doc. 17.

On July 2, 2026, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, Fabian Orjuela Guevara, a native and citizen of Colombia, challenged the legality of his pre-removal immigration detention without an individualized bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A).

On August 26, 2026, we entered a memorandum and order granting habeas relief to the petitioner and directing the respondent to provide him with an individualized bond hearing. On September 16, 2026, in light

of an intervening precedential decision by the Third Circuit, we entered an amended memorandum and order granting habeas relief to the petitioner and directing the respondent to release him.

On September 17, 2026, the respondent filed a motion for reconsideration on the ground that, on August 28, 2026, the petitioner had applied for voluntary departure in lieu of removal, an immigration judge had entered an order granting his application for voluntary departure "under safeguards"[1] with an alternative order of removal, and the petitioner had waived any appeal from that order. That same day, we entered an order staying our amended order granting habeas relief and setting an expedited briefing schedule on the respondent's motion for reconsideration. In particular, we directed the petitioner to address the

[1] "The phrase voluntary departure 'under safeguards' appears to refer to the procedure involving an alien's detention until departure." *Mendez-Rangel v. Benzel*, No. 26-5682, 2026 WL 2367677, at *1 (D.N.J. Aug. 15, 2026); *see also* 8 C.F.R. § 240.25(b) (providing that the agency may "attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including the posting of a bond, continued detention pending departure, and removal under safeguards"); *id.* § 1240.26(b)(3) (providing that an immigration judge "may impose such conditions as he or she deems necessary to ensure the alien's timely departure from the United States"). *See generally El Badrawi v. United States*, 787 F. Supp. 2d 204, 232–33 (D. Conn. 2011).

issue of whether his petition had been mooted by the immigration judge's August 28, 2026, order.

The petitioner's brief in opposition is not due until tomorrow. Today, petitioner's counsel was advised that the petitioner, who remains in ICE custody, is at the airport, awaiting a flight to Colombia, and thus counsel has filed the instant motion for a temporary restraining order, seeking an order enjoining the respondent from removing the petitioner from the United States while this matter remains pending.

Preliminary injunctive relief is extraordinary in nature and should issue only in limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also*

*Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that *all four* factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F. 2d 187, 192 (3d Cir. 1990) (emphasis added).

The petitioner has failed to demonstrate any likelihood of success on the merits. The petitioner has not yet filed his brief in opposition to the respondent's motion for reconsideration, and his TRO motion papers do not address the mootness issue we highlighted in our stay and briefing order. But it is fairly clear—even based on the limited record before us—that the petition is now moot because the petitioner is no longer being detained in pre-removal custody pursuant to 8 U.S.C. § 1225(b)(2)(A), but rather as a condition of an immigration judge's order granting his application for voluntary departure under safeguards, pursuant to 8 C.F.R. § 240.25(b) and § 1240.26(b)(3)(i). *See Al-Siddiqi v. Achim*, 531 F.3d 490, 495 (7th Cir. 2008) ("But things changed when the IJ . . .

granted [an alien habeas petitioner] voluntary departure. . . . Now [the petitioner] remains in custody not because DHS refuses to honor the IJ's former bond order, but because the IJ has determined that he should remain in custody as a condition of his voluntary departure."); *Mendez-Rangel v. Benzel*, No. 26-5682, 2026 WL 2367677, at *1–2 (D.N.J. Aug. 15, 2026) ("Petitioner is now subject to voluntary departure under safeguards and thus no longer detained under 8 U.S.C. § 1225(b) and is instead detained under the provisions of his voluntary departure."). "Absent satisfaction of the 'threshold factor,' likelihood of success, the Court cannot grant a TRO." *Gillon v. Rechov Tidhar, LLC*, No. 26-06909, 2026 WL 2568838, at *4 (D.N.J. Aug. 31, 2026) (quoting *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021)).

Accordingly, **IT IS HEREBY ORDERED THAT** the petitioner's motion for a temporary restraining order (Doc. 17) is **DENIED**.

Dated: September 23, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge